UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. __3:15-CV-174-JGH__

LEROY PHILLIP MITCHELL p/k/a Prince Phillip Mitchell                           PLAINTIFF
And d/b/a HOT STUFF PUBLISHING COMPANY

v.

UNIVERSAL MUSIC GROUP INC.
AGENT FOR SERVICE OF PROCESS
THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE  19801
      SERVE:    KENTUCKY SECRETARY OF STATE
                          700 CAPITAL AVENUE, SUITE 86
                          FRANKFORT, KY  40601

PRIORITY RECORDS, LLC
AGENT FOR SERVICE OF PROCESS
THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE  19801
      SERVE:    KENTUCKY SECRETARY OF STATE
                          700 CAPITAL AVENUE, SUITE 86
                          FRANKFORT, KY  40601

ANDRE ROMELLE YOUNG, p/k/a Dr. Dre, d/b/a N.W.A.
12780 CHALON ROAD
BRENTWOOD, CA 90049
      SERVE:    KENTUCKY SECRETARY OF STATE
                          700 CAPITAL AVENUE, SUITE 86
                          FRANKFORT, KY  40601

LORENZO JERALD PATTERSON, p/k/a MC Ren, d/b/a N.W.A.
16620 VIA MONTANA
DESERT HOT SPRINGS, CA 92240-7235
      SERVE:    KENTUCKY SECRETARY OF STATE
                          700 CAPITAL AVENUE, SUITE 86
                          FRANKFORT, KY  40601

                                                                                         DEFENDANTS

## COMPLAINT (WITH JURY DEMAND)

Plaintiff, Leroy Phillip Mitchell p/k/a Prince Phillip Mitchell (" Prince Phillip Mitchell") for his Complaint against Defendants Universal Music Group, Inc. ("Universal"), Priority Records, LLC ("Priority"), and members of N.W.A claiming authorship for the song "If It Ain't Ruff" both individually and d/b/a N.W.A ("N.W.A."), (collectively referred to as "Defendants") states:

### I.   PARTIES AND JURISDICTION

1.  Plaintiff Leroy Phillip Mitchell p/k/a Prince Phillip Mitchell ("Mitchell") and d/b/a Hot Stuff Publishing Co. is and was at all times relevant hereto a musician who operates under the name Prince Phillip Mitchell and as registered with the United States Copyright Office, the author and owner of the musical composition "Star in the Ghetto". Mitchell is a resident and citizen of the Commonwealth of Kentucky.

2.  Defendant Universal is the parent company and owner of Priority Records which is the copyright owner of the sound recording *Straight Outta Compton,* which contains the infringing composition and sound recording "If It Ain't Ruff". Universal is and was at all times relevant hereto a corporation organized and existing under the laws of the State of Delaware with its principal place of business in California. Defendant Universal's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

3.  Defendant Priority Records is a wholly owned subsidiary of Universal. Upon information and belief, Priority is the registered copyright claimant and author of the album *Straight Outta Compton* and subsequent re-releases, anniversary albums, greatest hits and any single which contains the infringing composition and sound recording "If It Ain't Ruff". As a subsidiary of Universal, Priority is and was at all times relevant hereto a limited liability company

organized and existing under the laws of the State of Delaware with its principal place of business in California. Defendant Priority's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

4. Upon information and belief, Defendant Andre Romelle Young, p/k/a Dr. Dre, individually and d/b/a Niggaz Wit Attitudes "N.W.A" is and was at all times the author of the song "If It Ain't Ruff" performed by N.W.A. and was at all times relevant hereto a musician who operates under the name Dr. Dre and is a citizen of California, residing at 12780 Chalon Road, Brentwood, CA 90049.

5. Upon information and belief, Defendant Lorenzo Jerald Patterson, p/k/a MC Ren, individually and d/b/a Niggaz Wit Attitudes "N.W.A" is and was at all times the author of the song "If It Ain't Ruff" performed by N.W.A. and was at all times relevant hereto a musician who operates under the name MC Ren and is a citizen of California, residing at 16620 Via Montana, Desert Hot Springs, CA 92240-7235.

6. This Court has original jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1338(a) because it involves a civil action arising under the federal Copyright Act and federal Copyright Act Revision of 1976 at 17 U.S.C.A. § §101 et seq., which is within the exclusive jurisdiction of this Court and pursuant to 28 U.S.C. §2201 and involves a civil action which has diversity under 28 U.S.C. §1332 as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Plaintiff Mitchell is protected by the federal Copyright Act pursuant to 17 U.S.C. §§101 et seq. because "Star In the Ghetto" was published pursuant to the Copyright Act in the United States in 1977 and has a copyright term of 95 years after the publication date.

8. This Court has personal jurisdiction over the Plaintiff and Defendants because Plaintiff resides in Kentucky and Defendants have sold the infringed products and conducted continuous business and caused tortious injury and damage in the jurisdiction of this Judicial District.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because the Defendants committed unlawful acts of infringement in this Judicial District.

## II.     FACTUAL BACKGROUND AND CAUSE OF ACTION

10. This action for Copyright Infringement arises from the infringement by Defendants of Plaintiff Mitchell's Copyright in the musical composition "Star In the Ghetto" which he authored.

11. On or about July 5, 1977, "Star In the Ghetto" was registered with the United States Copyright Office, Registration No. Eu-820141. (Attached hereto as Exhibit A). The Registered Claimant of "Star In the Ghetto" is Hot Stuff Publishing Co., the sole proprietorship of Plaintiff Mitchell.

12. At all relevant times mentioned herein, Defendant Universal owned, operated, profited from and/or controlled Defendant Priority, either directly or indirectly, through the agency of other diverse subsidiaries, governing bodies, agents, servants, and/or employees.

13. Defendants are the writers, composers, producers, record labels, distributors, and publishers either directly or indirectly, through diverse subsidiaries, governing bodies, agency, servants, and/or employees, of the infringing composition and sound recording featuring "If It Ain't Ruff".

14. To write, produce, compose, distribute, publish and record the song "If It Ain't Ruff",

the Defendants unlawfully and intentionally sampled the distinctive and important elements from the musical composition "Star In the Ghetto", and therefore, infringed Plaintiff Mitchell's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§101 et seq.

15. Defendants, Dr. Dre and MC Ren, claim to be authors of the musical composition titled "If It Ain't Ruff" published on February 15, 1989, and registered with copyright registration number PA0000511762, dated June 10, 1992, with copyright claimant "Ruthless Attack Muzick" which was transferred to its distributor Priority.

16. Defendant Priority is the registered copyright claimant for a sound recording entitled "Straight Outta Compton/N.W.A," (Explicit version) published on January 25, 1989 and registered with copyright registration number SR0000150531, dated June 10, 1992, which features the song, "If It Ain't Ruff."

17. Defendant Priority is the registered copyright claimant for a sound recording entitled "Straight Outta Compton/N.W.A," (Edited Version) published on May 10, 1989, and registered with copyright registration number SR0000150532, dated June 10, 1992, which features the song, "If It Ain't Ruff."

18. Defendant Priority is the registered copyright claimant for a sound recording entitled "N.W.A greatest hits/N.W.A," published on July 2, 1996, and registered with copyright registration number SR0000223867, dated August 20, 1996, which features the song "If It Ain't Ruff."

19. Defendant Priority is the registered copyright claimant for a recorded document including the release of "If It Ain't Ruff" in document numbers V3414D861, V3327P104, V3327P023.

20. Defendants released, registered copyrights, and sold as described herein samples of "Star in the Ghetto" in a recorded loop fashion that was an extended accompaniment for the rap artists of N.W.A in the musical work titled "If It Ain't Ruff."

21. According to publicly available sources, "If It Ain't Ruff" has been released multiple times and has sold in excess of 3.5 million copies resulting in two platinum record awards.

22. N.W.A.'s music continues to be performed, downloaded, sold, played live and in videos, and Defendants are improperly receiving credit for the infringing song "If It Ain't Ruff" when credit is due to Plaintiff Mitchell.

23. Upon information and belief, all Defendants are responsible for the events described herein and are liable to Plaintiff Mitchell for all damages incurred. The Defendants named herein are the writers, composers, performers, producers, record labels, distributors, and publishers, who were involved in the creation, release, reproduction, distribution, exploitation, sampling, licensing and public performance of the Infringing song "If It Ain't Ruff", embodied in all forms of media including videos, digital downloads, records, motion pictures and advertisements, all of which constitute, among other things, the improper sampling of a musical work and direct, vicarious, intentional and contributory infringement. All Defendants are jointly and severally liable for all amounts owed.

24. Defendants Priority and Universal were given notice of said infringement of the musical composition "Star In the Ghetto" and Priority and Universal confirmed no license or permission was ever obtained from Plaintiff Mitchell to sample "Star In the Ghetto" by N.W.A or any other Defendants.

25. Despite notice to Priority and Universal, Defendants continue to infringe on the musical composition "Star In the Ghetto", without any payment or author credit to Plaintiff Mitchell.

26. Defendants had access to "Star in the Ghetto" and Defendants' conduct has at all times been knowing, willful, and with complete disregard to Plaintiff Mitchell.

27. Defendants gave no author credit or any other recognition to Plaintiff Mitchell for the sampling of "Star in the Ghetto" in the music composition "If It Ain't Ruff", and thereby, Defendants concealed their infringing use of "Star in the Ghetto" which prevented Plaintiff Mitchell from discovering the infringing use of his musical work.

28. As a proximate cause of Defendants' wrongful conduct, Plaintiff Mitchell has been irreparably harmed in royalties, fees, profits, sales, platinum record awards, reputation, and author recognition.

29. From the date of the creation of the infringing "If It Ain't Ruff" the Defendants have infringed Plaintiff Mitchell's copyright interest in "Star In the Ghetto" by (a) sampling, performing, authorizing copying and public performances including at concerts, personal appearances, film, video, you tube; (b) by authorizing the reproduction, distribution and sale of records, re-releases, digital downloads through executions of a license and/or actually selling, manufacturing, and/or distributing "If It Ain't Ruff" through various sources; (c) by sampling and substantially copying "Star In the Ghetto" but failing to give due credit to Plaintiff Mitchell in the related marketing and promotion of the sale of N.W.A.'s records, re-releases, and greatest hits; (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through the substantial use of the copyrighted musical composition "Star In the Ghetto" with no recognition of the author or sampled song.

30. Plaintiff Mitchell has not received any songwriter credits resulting from Defendants' unauthorized and infringing use of "Star In the Ghetto" and has received no copyright ownership interests in the song "If It Ain't Ruff" that went double platinum or for any works associated with "If It Ain't Ruff."

31. The Infringement at said time and at all relevant times hereto has been and continues to be willful and knowing.

32. Defendants have knowingly also allowed others to infringe through their knowledge that this music was not their work but instead the work of Plaintiff Mitchell, and therefore, are contributorily liable for others conduct who have infringed or may still be infringing at this time.

33. Defendants knowingly infringed on Plaintiff Mitchell's work making Defendants liable for others that were innocently infringing on Plaintiff Mitchell's work when Defendants failed to give author or copyright ownership in "Star in the Ghetto" on the albums produced by N.W.A that includes the infringing song "If It Ain't Ruff" and when they were deriving a monetary benefit and recognition benefit from an authorship that they were not entitled to claim.

34. The infringement still continues today as Defendants still continue to sell albums which contain the infringing song "If It Ain't Ruff" without notice of Plaintiff Mitchell's copyright interest and/or recognition of him as author.

35. Plaintiff Mitchell as a direct and proximate result of the conduct of Defendants has suffered actual damages including lost profits, lost opportunities, lost royalties and licensing fees, loss of goodwill and of recognition.

36. Plaintiff Mitchell is entitled to damages pursuant to the copyright act 17 U.S.C. §504(b), including, the actual damages and substantial profits of the Defendants that will be proven at trial but not less than 1 million dollars.

37. Plaintiff Mitchell is entitled to punitive damages for the Defendant's knowing, egregious and willful behavior that was conducted by Defendants against Plaintiff Mitchell's copyright ownership and author's rights in "Star in the Ghetto" which has resulted in irreparable harm and unfair advantages to his musical career in an amount not less than 5 million dollars.

38. In the alternative, pursuant to 17 U.S.C. §504(c), Plaintiff Mitchell is entitled to the maximum statutory damage of $150,000 per infringement for knowingly and willfully sampling "Star in the Ghetto" without giving any credit to the copyright or authorship of Plaintiff Mitchell.

39. Plaintiff is entitled to a declaratory judgment that Defendants willfully infringed upon his Copyrighted and authored song "Star in the Ghetto" in violation of the federal Copyright Act.

40. The Defendants' conduct has caused and is continuing to cause Plaintiff Mitchell irreparable harm and injury that cannot be fully compensated or measured in monetary damages. Plaintiff Mitchell has no adequate remedy at law for this injury, and therefore, may seek a temporary and/or permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting the reproduction, distribution, sale, public performance, download, video, you tube, or other use or exploitation of "If It Ain't Ruff," including all infringing albums, re-releases, greatest hits, anniversary albums, and singles of the infringing work.

**WHEREFORE**, Plaintiff, Leroy Phillip Mitchell p/k/a Prince Phillip Mitchell, demands that judgment be entered against Defendants as follows:

1. Trial by jury on all issues so triable.

2. A declaration that "Star in the Ghetto" was willfully infringed upon by Defendants in violation of Plaintiff's authorship and copyrighted works in violation of the federal Copyright Act.

3. A declaration that Defendants are directly, vicariously and/or contributorily liable for copyright infringement.

4. Temporary and permanent injunctions requiring Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiff Mitchell's rights protected by the Copyright Act and authorship rights of "Star in the Ghetto".

5. A judgment awarding Plaintiff Mitchell actual compensatory damages pursuant to 17 U.S.C. §504(b) for Defendants' intentional infringement of Plaintiff's copyrighted musical composition "Star In the Ghetto" which shall include but not be limited to the actual damages and substantial profits of Defendants as will be proven at trial in an amount not less than 1 million dollars, or in the alternative an award of statutory damages pursuant to 17 U.S.C. §504(c), in the amount of $150,000 for each act of infringement;

6. A judgment awarding punitive damages where available in an amount not less than 5 million dollars;

7. An award of attorneys' fees and full costs pursuant to 17 U.S.C. §505 and under other applicable law or allowed by other statutes;

8. Awarding Plaintiff pre-judgment and post-judgment interest at the maximum rate allowed on all amounts awarded and as applicable; and

9. Awarding Plaintiff any and all other relief to which he may be entitled.

Respectfully filed this 24th day of February, 2015,

**GWIN STEINMETZ & BAIRD, PLLC**

/s Robert Y. Gwin
Robert Y. Gwin
Tracey Clemmons Smith
401 West Main Street, Suite 1000
Louisville, Kentucky 40202
Telephone: (502) 618-5700
Facsimile: (502) 618-5701
rgwin@gsblegal.com
tcsmith@gsblegal.com
*Counsel for Plaintiff, Leroy Phillip Mitchell, p.k.a. Prince Phillip Mitchell*