UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-174-JHM

**LEROY PHILIP MITCHELL**, p/k/a Prince Philip Mitchell
and d/b/a HOT STUFF PUBLISHING COMPANY,                              Plaintiff,

v.

**PRIORITY RECORDS, LLC,**
**ANDRE ROMELLE YOUNG,**
p/k/a Dr. Dre, d/b/a N.W.A., and
**LORENZO JERALD PATTERSON**
p/k/a MC REN, d/b/a N.W.A.,                                          Defendants.

### Memorandum Opinion and Order

Plaintiff Leroy Philip Mitchell ("Plaintiff") has filed a motion for Leave to File a Second Amended Complaint, by which he seeks to add Universal Media Group, Inc., ("UMG") as a defendant. (DN 106, #744.) Defendant Capitol Records, LLC ("Capitol") filed a response brief (DN 107), and Plaintiff filed a reply (DN 108). Therefore, this matter is ripe for review. For the reasons stated below, the Court **GRANTS** Plaintiff's motion to amend.

### I. Background

Plaintiff's original complaint, filed on February 26, 2015, had named UMG as a defendant in this copyright infringement lawsuit. (DN 1, #2.) Counsel for UMG subsequently informed Plaintiff that it had no involvement in the allegedly infringing material, and Plaintiff agreed to dismiss UMG without prejudice. (DN 24, #86.) The dismissal, however, stipulated that Plaintiff would be allowed to amend his complaint if discovery revealed that UMG is necessary to allow Plaintiff to obtain his relief sought. (*Id.*) Plaintiff now contends that has

1

happened. (DN 106, #745.) According to Plaintiff, discovery has revealed that UMG received royalties from the alleged infringing material, and has in its possession "documents containing sales, revenue, and profits information" about the material. (DN 108, #779.) Capitol contests the motion by arguing that Universal Media Group, Inc. is not the proper entity to sue because it has never owned or possessed an ownership interest in the alleged infringing material, nor has it derived any financial benefit from it. (DN 107, #772–73.)

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) allows parties to amend their pleadings once as a matter of course, so long as it is done within 21 days of service of process. It also allows amending if "the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Federal Rule of Civil Procedure 15(a)(2) allows parties to make consecutive amendments to their pleadings only with leave of the opposing party or the court. The latter should allow amendments when justice so requires. *Id*.

Federal Rule of Civil Procedure 20(a)(2) governs the permissive joinder of defendants. The Court, in its discretion, may allow the joinder of additional defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). The Court has broad discretion in allowing or disallowing the joinder of parties, and the purpose of Rule 20(a)(2) is to foster judicial economy and trial convenience. *Amtote International Inc. v. Kentucky Downs, LLC*, 2017 WL 1829782

(W.D. Ky. May 5, 2017) at *1 (citing *Dejesus v. Humana Ins. Co.*, 2016 WL 3630258 (W.D. Ky. June 29, 2016) at *2).

### III. Analysis

**A. Whether the Motion to Amend Should be Granted Under Fed R. Civ. P. 15(a)**

"Where the underlying facts would support a claim[,] leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F. 3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A finding of prejudice is the most significant of the *Foman* factors. *Moore v. City of Paducah*, 790 F. 2d 557, 562 (6th Cir. 1986) (If a court is to deny a motion to amend, there must be "at least some significant showing of prejudice to the opponent"). Here, the Court will only address the undue prejudice factor, as the record presents no evidence of undue delay, bad faith, a dilatory motive, repeated failures, or futility. As neither party addressed the undue prejudice requirement – much less stated the applicable legal standard – the Court will conduct an independent analysis of the record to determine if the requirement has been met.

The Court concludes that Capitol would not be unduly prejudiced by Plaintiff amending his complaint to include UMG. Although discovery is underway and a settlement conference has taken place, the only significant pending dispositive motion is Capitol's motion for partial summary judgment. Pursuant to the Court's most recent scheduling order, discovery has not yet advanced to "Phase II," which contains all discovery-related issues other than Plaintiff's damages, the validity of his copyright, and the Defendants' conduct in allegedly using his copyright (in addition to their financial records). (DN 69, #334–35; DN 72, #345.) Phase II will

not begin until Capitol's motion for partial summary judgment is ruled on. (DN 72, #345.) No trial date is currently set. Given the relatively early stage in the proceedings along with the alleged interconnectedness of Capitol and UMG (which is discussed in greater detail below), the Court finds that Capitol would not be unduly prejudiced by Plaintiff's amendment.

### B. Whether the Potential Joinder is Permissible Under Fed. R. Civ. P. 20

The Supreme Court has stated that where there is a common question of fact or law and the claim against the new defendant arises out of the same transaction or occurrence, a plaintiff may join a new defendant into an existing action. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

With this straightforward test in mind, the Court concludes that joinder of UMG as a new defendant is proper. Although Capitol contends that "[UMG] has never owned or possessed an ownership interest in the [alleged infringing material]," nor "derived any financial benefit [from it]," Plaintiff alleges that his discovery requests have produced documents "containing quantitative data regarding UMG's accrued foreign and domestic royalties for the infringing work." (DN 108, #780.) Moreover, Plaintiff has produced evidence demonstrating at least some degree of interconnectedness of Capitol and UMG; specifically, that Sheryl Gold ("Gold"), corporate secretary for UMG, is also the "Senior Vice President" of Capitol and its listed "Manager." (DN 108, #780–81.) Capitol heavily relied upon Gold's sworn declaration that UMG does not have any "legal interest" in the alleged infringing material in its response in opposition to Plaintiff's present motion. (DN 107, #771–772.) Although Capitol may dispute it, Plaintiff has alleged that his song was misappropriated by UMG over the course of multiple years. This is sufficient to allow the Court to conclude that the allegations against UMC present

common questions of law and arise out of the same transactions or occurrences alleged against the other defendants.

Therefore, the Court finds that joinder of UMG as a defendant is proper under Rule 20(a).

### IV. Conclusion

For all the reasons stated above, Plaintiff's motion for leave to file his second amended complaint is **GRANTED**.

### Order

Accordingly, IT IS HEREBY ORDERED as follows:

Plaintiff's Motion for Leave to File a Second Amended Complaint Adding Universal Music Group as a Party is **GRANTED**. Plaintiff's tendered amended complaint (DN 106-1) is deemed filed.

cc: Counsel of record