UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00174-JHM

LEROY PHILLIP MITCHELL p/k/a　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
Prince Phillip Mitchell and d/b/a Hot Stuff
Publishing Co.

V.

CAPITOL RECORDS, LLC, et al.　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

### MEMORANDUM OPINION & ORDER

This matter is before the Court on a motion to dismiss by defendant Universal Music Group, Inc. ("Universal"). (DN 127.) Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

At issue in this case is the alleged unauthorized use of the musical composition "Star in the Ghetto" in "If It Ain't Ruff," a song by the hip-hop group N.W.A. and included on the album "Straight Outta Compton." Plaintiff Leroy Mitchell is a singer, songwriter, and record producer who has performed under the name "Prince Phillip Mitchell." (Pl.'s Second Amend. Compl. [DN 116] ¶ 1.) Through his publishing company, Mitchell owns the copyright to the musical composition "Star in the Ghetto." (*Id.* ¶ 11.) A recording of this composition was made by Ben E. King and the Average White Band under the title "A Star in the Ghetto." (*Id.* ¶ 1.) Mitchell alleges that "If It Ain't Ruff" contains a sample of "A Star in the Ghetto" and that the defendants failed to obtain his permission to use the musical composition. (*Id.* ¶ 21.)

Mitchell filed the present action on February 26, 2015, alleging that the use of the musical composition "Star in the Ghetto" and sound recording of "A Star in the Ghetto" in "If It

Ain't Ruff" infringed upon his protected interest in these works under the Copyright Act.[1] (*Id.* ¶ 15.) He has asserted this claim for copyright infringement against Capitol Records, LLC ("Capitol"), Andre Romelle Young p/k/a Dr. Dre d/b/a N.W.A. ("Young"), Lorenzo Jerald Patterson, p/k/a MC Ren d/b/a N.W.A. ("Patterson"), and, most recently, Universal,[2] as these defendants are alleged to be "the writers, composers, producers, record labels, distributors, and publishers . . . of the infringing composition[.]" (*Id.* ¶ 14.) An entry of default was made against Patterson on October 6, 2015, due to his failure to respond to the complaint or otherwise appear. (DN 36.) Universal has now moved to dismiss the claims against it, arguing that this Court lacks personal jurisdiction over it. (DN 127.)

## II. DISCUSSION

Universal argues that it is not subject to personal jurisdiction in Kentucky, as jurisdiction over it is neither authorized under Kentucky's long-arm statute nor compatible with the requirements of due process. Mitchell makes two arguments in opposition. First, he argues that the record sufficiently establishes personal jurisdiction over Universal. And second, in the event the Court finds jurisdiction lacking, he argues that jurisdictional discovery or an evidentiary hearing should be permitted.

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bridgeport Music, Inc. v. Still N The*

---

[1] The Court previously granted summary judgment to the defendants on Mitchell's claim for infringement on the sound recording copyright, as he does not actually own the copyright to the sound recording. (DN 124.)

[2] Universal was initially named as a defendant. (DN 1.) The parties agreed to a voluntary dismissal, but Mitchell reserved the right to add Universal as a defendant if discovery revealed that it was a proper party to this suit. (DN 24.) On December 6, 2017, Mitchell amended his complaint to bring Universal back into this action as a defendant. (DN 116.)

*Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (quotations and citations omitted). Under Kentucky's long-arm statute, personal jurisdiction exists when, as relevant to this case, a claim arises from a defendant's

> 1. Transacting any business in this Commonwealth;
>
> 2. Contracting to supply services or goods in this Commonwealth;
>
> …
>
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth[.]

KRS § 454.210(2).

As for the due process analysis, "[p]ersonal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Bridgeport*, 327 F.3d at 477 (quotations and citations omitted). Mitchell has not argued that Universal is subject to general personal jurisdiction in Kentucky; therefore, the Court will only consider whether it is subject to specific jurisdiction. "Specific jurisdiction is proper over [Universal] only if their contact with [Kentucky] satisfies the three-part test established in *Southern Machine Company v. Mohasco Industries, Inc.*" *Id.*

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco*, 401 F.2d 374, 381 (6th Cir. 1968).

Specifically, "the Sixth Circuit has in fact explained the 'purposeful availment' standard in the context of a copyright infringement case." *Joe Solo Prods., Inc. v. Dawson*, 2009 WL 2232856, at *4 (N.D. Ohio July 23, 2009) (citations omitted). A plaintiff "must demonstrate more than the production of the [infringing work] and its sale in [the forum state]; he must show that [the defendants], either through their own actions or through their distribution relationship, *directed* the product to [the forum state]." *Palnik, v. Westlake Entm't, Inc*., 344 F. App'x 249, 251 (6th Cir. 2009) (emphasis added). "[M]ere knowledge that a company may or is likely to distribute a product nationally is insufficient conduct upon which to predicate purposeful availment." *Campinha-Bacote v. Wick*, 2015 WL 7354014, at *5 (S.D. Ohio Nov. 20, 2015) (citing *Bridgeport*, 327 F.3d at 480). As such, "the Sixth Circuit has focused on the distribution relationship in determining whether a producer has sufficient connection to a forum state for jurisdiction to be consistent with the due process clause." *Eggleston v. Daniels*, 2016 WL 4363013, at *4 (E.D. Mich. Aug. 16, 2016) (citations omitted). For example, the court in *Bridgeport* found that the district court lacked personal jurisdiction over one defendant who merely knew that a third party "was likely to distribute [infringing] compositions nationally" and did not object to distribution in the forum state. *Bridgeport*, 327 F.3d at 480. However, the court also found that the district court had personal jurisdiction over another defendant who "*sought* nationwide distribution of its [infringing] records" through a distribution agreement, as it evidenced a "deliberate decision" to target the forum state. *Id.* at 483 (emphasis added).

In its motion to dismiss, Universal argues that it has no contacts with Kentucky and does not conduct business in the state; it is merely a holding company that has no day-to-day operations at all. (Mot. to Dismiss [DN 127-1] at 2.) It supports these statements with a

declaration from Sheryl Gold, the corporate secretary of Universal. (Decl. Gold [DN 127-2].) In opposition, Mitchell points to a series of documents that connect Universal with either manufacturing, selling, distributing, or receiving royalties from the infringing work. These documents have not been provided to the Court, as they are subject to a confidentiality agreement between the parties. Universal argues that it is not the entity referenced in these documents, distinguishing the legal entity "Universal Music Group, Inc." that is a party to this action from "Universal Music Group" or "UMG," which it argues are colloquial terms used to represent a myriad of record labels that are only associated with Universal.

Because some of these documents allegedly pertain to the distribution of the infringing work, along with Mitchell's allegations in the complaint that Universal has either directly distributed the infringing work or was somehow responsible for its distribution (*see* Pl.'s Second Amend. Compl. [DN 116] ¶¶ 13–14), the Court finds that further discovery is warranted. The Court's decision as to whether Universal is subject to personal jurisdiction will hinge on whether and to what extent it was involved in the distribution of the infringing work, and the current record does not permit the Court to make an informed decision on that matter. Further, discovery will assist the Court in determining if Universal is the entity actually referenced in these documents. Therefore, the Court will deny the motion to dismiss without prejudice, and the parties will be permitted to engage in limited discovery on the issue of whether Universal is subject to personal jurisdiction in Kentucky until **April 15, 2018.** *Accord Eggleston*, 2016 WL 4363013, at *4 (permitting jurisdictional discovery, as defendants role in distribution of infringing work was unclear from the pleadings and affidavits).

## III. CONCLUSION

For these reasons set forth above, **IT IS HEREBY ORDERED** that defendant Universal Music Group, Inc.'s motion to dismiss (DN 127) is **DENIED** without prejudice.  The parties may engage in discovery on the issue of whether Universal is subject to personal jurisdiction in Kentucky until **April 15, 2018**.  At the close of this period, Universal may refile its motion to dismiss.


cc:     Counsel of Record