UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00174-JHM

LEROY PHILLIP MITCHELL p/k/a                                            PLAINTIFF
Prince Phillip Mitchell and d/b/a Hot Stuff
Publishing Co.

V.

CAPITOL RECORDS, LLC, et al.                                                     DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on objections by defendants Capitol Records, LLC ("Capitol") and Andre Romelle Young to an opinion by the Magistrate Judge on March 30, 2018, ordering the defendants to comply with certain discovery requests. (Order at DN 132, Objections at 135.) This matter is ripe for decision.

### I. BACKGROUND

The Magistrate Judge's order fully sets out the factual background of this case. Briefly, plaintiff Leroy Mitchell has brought the present action for copyright infringement against Capitol and Young, among other defendants. He alleges that the defendants unlawfully sampled his musical composition "Star in the Ghetto" when recording "If It Ain't Ruff," a song from the 1988 album *Straight Outta Compton* by N.W.A. After the parties exchanged some discovery, Mitchell moved to compel Capitol and Young to provide supplemental responses to a number of requests. (DN 83.) First, Mitchell sought financial information from the defendants going back to the release of "If It Ain't Ruff" in 1988, as the defendants were only providing such information from the past three years. Second, he sought to require the defendants to respond to certain questions with more particularity, as the defendants had repeatedly used boilerplate language such as "proportionality," "attorney-client privilege," and "work product" in declining

to respond to certain requests. And third, he sought to require the defendants to produce a privilege log of all documents that they had refused to produce by claiming such a privilege.

In response, Capitol and Young stated that their refusal to produce financial documents going back beyond the three most recent years was justified, as the Copyright Act's statute of limitations only permits a plaintiff to recover for those infringements that occur within three years of the commencement of the action. They further argued that disclosing such information would not be proportional to Mitchell's needs in this case and would impose an undue burden on them. They finally argued that the answers to Mitchell's requests were sufficiently particular and that no privilege log was required, as no privileged documents had been uncovered.

The Magistrate Judge granted Mitchell's motion to compel. He first concluded that the defendants must provide financial documents beyond the three years directly preceding the commencement of this action, as the Court had previously determined that Mitchell's claim for damages beyond that three-year period could proceed under the Sixth Circuit's "discovery rule" in copyright cases. (DN 124, at 3–8.) He further concluded that such a request was proportional to Mitchell's needs and that it would not impose an undue burden on the defendants. Next, he ordered the defendants to fully respond to Mitchell's requests that initially received only boilerplate responses. The Magistrate Judge concluded that the frivolous use of these objections constituted a waiver of those objections for all current discovery, but not for any future discovery. Finally, he ordered the defendants to comply with specific requests for information and documents that Mitchell argued were incomplete or lacking in substance. The defendants were also ordered to pay Mitchell's costs related to the motion.

Capitol and Young now object to the Magistrate Judge's order on two grounds. First, they contest the Magistrate Judge's conclusion that they waived objections based upon attorney-

client privilege or the work product doctrine. And second, they argue that they should not be ordered to pay Mitchell's costs, as their opposition to Mitchell's request for documents going back to 1988 was substantially justified due to the Supreme Court's opinion in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014).

## II. STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. The district court reviews an order by a magistrate judge on a non-dispositive matter under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## III. DISCUSSION

### A. WAIVER OF OBJECTIONS

Capitol and Young first argue that they should not be held to have waived objections based upon proportionality, attorney-client privilege, and the work product doctrine. In regards to the objections based upon proportionality, the defendants state that this objection was reasonable, as Mitchell had requested information going back to 1988. According to the defendants, their opposition to this discovery would have been well taken had the Court determined that the Copyright Act precludes damages for infringements that occurred more than three years before the commencement of the action. But Capitol and Young misrepresent why the Magistrate Judge concluded that they had waived any objection based on proportionality. It was not because they had objected to the disclosure of financial documents on proportionality grounds, but rather because they had repeatedly objected on proportionality grounds to other requests for admission and interrogatories which were clearly proportional to Mitchell's needs in this case. For example, both defendants objected on proportionality grounds to Mitchell's

3

interrogatory that requested the basis for the defendants' contention that they had not infringed on Mitchell's copyright. (DN 83-2, at 17; DN 83-3, at 15.) They both also objected on proportionality grounds to Mitchell's request to identify any witnesses that worked for the defendants and would have information "concerning the creation, copyright registration, production, manufacture, distribution and/or sale" of "If It Ain't Ruff." (DN 83-2, at 18; DN 83-3, at 16.) The Magistrate Judge found these objections to be frivolous, since such information is clearly proportional to Mitchell's needs in this case. He further concluded that the use of objections in a frivolous manner constitutes waiver. *See Wesley Corp. v. Zoom T.V. Prods., LLC*, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (use of "substance-free objection" results in forfeiture). These conclusions are neither clearly erroneous nor contrary to law.

Turning to the waiver of objections based on attorney-client privilege and the work product doctrine, Capitol and Young argue that they cannot be held to have waived these privileges since they did not actually withhold any privileged documents. But this is the precise reason that the Magistrate Judge concluded that they *had* waived objections based upon privilege. The defendants repeatedly stated in their response to interrogatories and requests for admission and production that certain information and documents were privileged. However, they admit that no such privileged documents or information exist. The Magistrate Judge held this to be a frivolous use of objections, since the defendants repeatedly claimed a privilege where they knew none existed. The defendants cite to cases that demonstrate that the failure to produce a privilege log should not be construed as a waiver, but the Magistrate Judge did not find that they had waived privilege through their failure to produce a privilege log, as their fault lies not in their failure to produce a privilege log but in asserting the objections in the first place. The

Magistrate Judge found these objections to be frivolous, and this conclusion is neither clearly erroneous nor contrary to law.

The defendants also argue that it would be unfair to consider their objections based upon privilege to be a waiver, since they will now have to search documents going back to 1988 in order to comply with the Court's order compelling disclosure of requested documents, and this search may reveal information that is actually privileged. Thus, they argue that they should at least be able to object on privilege grounds if any newly discovered documents are protected. But the defendants cannot assert that they are just now being required to search documents going back to the creation of "If It Ain't Ruff." That may be the case with the financial documents that Mitchell requested and were withheld due to a disagreement on the applicability on the statute of limitations, but many of Mitchell's requests sought information and documents from before 2012. For example, Mitchell asked Young to "describe the process of creation, recording, producing, editing or mixing the musical work entitled 'If It Ain't Ruff.'" (DN 83-3, at 6.) The defendants do not dispute that all of those events took place well before 2012. For the defendants to have answered those questions in good faith, they naturally would have had to gather information or documents from 1988 onward. Thus, it is disingenuous for the defendants to claim that the Magistrate Judge's order requires them to waive privilege for a whole array of evidence that they have never seen or searched for.

The defendants have not shown that the Magistrate Judge's conclusion that they waived any objection based on proportionality, attorney-client privilege, or the work product doctrine was clearly erroneous or contrary to law. Therefore, the objection is overruled**.**

## B. AWARD OF COSTS

The second objection by Capitol and Young contests the Magistrate Judge's order that they must pay Mitchell's costs related to filing his motion to compel. They argue that payment must not be ordered when "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). They point to the Supreme Court's opinion in *Petrella* as proof that their failure to provide the requested documents and information was substantially justified, as *Petrella* cast some doubt upon the continuing validity of the "discovery rule" in copyright cases. But regardless of *Petrella*, this only addresses one aspect of Mitchell's motion to compel. He not only sought financial information that was being withheld due to the dispute over the statute of limitations, but he also sought other information that was being withheld due to the defendants' objections based on proportionality, attorney-client privilege, and the work product doctrine. The defendants make no argument as to why their boilerplate use of these objections was substantially justified, and the Magistrate Judge's decision that no such justification existed was neither clearly erroneous nor contrary to law.

It is not clear from the Magistrate Judge's order whether he contemplated awarding Mitchell his costs as they relate to compelling the disclosure of the financial documents that were potentially affected by the statute of limitations. To the extent that he did, the Court will sustain the defendants' objection so that they will not be required to pay Mitchell's costs associated with his motion to compel financial documents from 1988 to 2012. Capitol and Young both opposed the motion to compel and filed their own motion for summary judgment on the grounds that they could not be liable for damages going back any further than 2012 because of the Copyright Act's three-year statute of limitations. They clearly articulated their argument that *Petrella* abrogated the discovery rule and placed a hard cap on a plaintiff's damages in copyright infringement

cases, as only damages from infringements that occurred within three years of commencing the action are recoverable. And while the Court ultimately disagreed with this interpretation of *Petrella*, the Court finds that the defendants were substantially justified in making that argument. *See Peterson v. Hantman*, 227 F.R.D. 13, 16 (D.D.C. 2005) ("A party's actions are substantially justified if the issue presented is one that could engender a responsible difference of opinion among conscientious, diligent, but reasonable advocates") (quotations omitted). The only court of appeals to have addressed whether *Petrella* abrogates the discovery rule did not answer the question definitively. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 618 (7th Cir. 2014) ("If on remand CBD continues to claim a right to recover for infringing acts that occurred in 2008, outside the three-year look-back period, the parties will need to address whether *Petrella* abrogates the discovery rule in copyright cases"). And while, as the Court detailed in its order denying the motion for summary judgment, the vast majority of district courts have concluded that *Petrella* does not abrogate circuit precedent on the validity of the discovery rule (DN 124, at 6), the defendants did cite to authority that supported their interpretation of *Petrella*. *See Papazian v. Sony Music Entm't*, 2017 WL 47339662, at *4–5 (S.D.N.Y. Sep. 28, 2017); *Wu v. John Wiley & Sons, Inc.*, 2015 WL 5254885, at *6 (S.D.N.Y. Sep. 10, 2015). Had the Court concluded that *Petrella* abrogates the discovery rule, the defendants' argument that a request for financial documents before 2012 was not proportional to Mitchell's needs would have been more persuasive. Thus, the Court concludes that the defendants were substantially justified in opposing the disclosure of the financial documents at issue. As such, the Court will sustain the objection to the extent that Mitchell may not recover his costs as they relate to litigating the dispute over the disclosure of those documents, but he

may still seek to recover his costs as they relate to any other matter that was disputed in his motion to compel.

## IV. Conclusion

For these reasons set forth above, **IT IS HEREBY ORDERED** that the objections by defendant Capitol Records, LLC and Andre Romelle Young are **SUSTAINED IN PART** and **OVERRULED IN PART** consistent with this opinion.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 26, 2018

cc: Counsel of Record
Magistrate Judge Colin H. Lindsay