UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00174-JHM

LEROY PHILLIP MITCHELL p/k/a  PLAINTIFF
Prince Phillip Mitchell and d/b/a Hot Stuff
Publishing Co.

V.

CAPITOL RECORDS, LLC, et al.  DEFENDANTS

**M**EMORANDUM **O**PINION **& O**RDER

This matter is before the Court on a renewed motion to dismiss by defendant Universal Music Group, Inc. ("Universal"). (DN 149.) Fully briefed, this matter is ripe for decision.

**I. B**ACKGROUND

At issue in this case is the alleged unauthorized use of the musical composition "Star in the Ghetto" in "If It Ain't Ruff," a song by the hip-hop group N.W.A. and included on the album "Straight Outta Compton." Plaintiff Leroy Mitchell is a singer, songwriter, and record producer who has performed under the name "Prince Phillip Mitchell." (Pl.'s Second Amend. Compl. [DN 116] ¶ 1.) Through his publishing company, Mitchell owns the copyright to the musical composition "Star in the Ghetto." (*Id.* ¶ 11.) A recording of this composition was made by Ben E. King and the Average White Band under the title "A Star in the Ghetto." (*Id.* ¶ 1.) Mitchell alleges that "If It Ain't Ruff" contains a sample of "A Star in the Ghetto" and that the defendants failed to obtain his permission to use the musical composition. (*Id.* ¶ 21.)

Mitchell filed the present action on February 26, 2015, alleging that the use of the musical composition "Star in the Ghetto" and sound recording of "A Star in the Ghetto" in "If It Ain't

Ruff" infringed upon his protected interest in these works under the Copyright Act.[1] (*Id.* ¶ 15.) He has asserted this claim for copyright infringement against Capitol Records, LLC ("Capitol"), Andre Romelle Young p/k/a Dr. Dre d/b/a N.W.A. ("Young"), Lorenzo Jerald Patterson, p/k/a MC Ren d/b/a N.W.A. ("Patterson"), and, most recently, Universal,[2] as these defendants are alleged to be "the writers, composers, producers, record labels, distributors, and publishers . . . of the infringing composition[.]" (*Id.* ¶ 14.) An entry of default was made against Patterson on October 6, 2015, due to his failure to respond to the complaint or otherwise appear. (DN 36.) Universal moved to dismiss the claims against it, arguing that this Court lacked personal jurisdiction over it. (DN 127.) The Court denied that motion without prejudice and allowed the parties to engage in limited discovery on the jurisdictional issue, as the record was unclear on whether Universal was responsible for the distribution of the infringing work. (DN 131.) At the close of the discovery period, Universal renewed its motion to dismiss. (DN 149.)

## II. STANDARD OF REVIEW

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to demonstrate that jurisdiction exists. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To meet this burden, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* Further, when presented with a Rule 12(b)(2) motion, "the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citation

---

[1] The Court previously granted summary judgment to the defendants on Mitchell's claim for infringement on the sound recording copyright, as he does not actually own the copyright to the sound recording. (DN 124.)

[2] Universal was initially named as a defendant. (DN 1.) The parties agreed to a voluntary dismissal, but Mitchell reserved the right to add Universal as a defendant if discovery revealed that it was a proper party to this suit. (DN 24.) On December 6, 2017, Mitchell amended his complaint to bring Universal back into this action as a defendant. (DN 116.)

omitted). Here, the Court has allowed limited jurisdictional discovery. Thus, the plaintiff must go beyond making a *prima facie* showing of jurisdiction and prove that the Court has personal jurisdiction over the defendant by a preponderance of the evidence. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

### III. DISCUSSION

Universal argues that it is not subject to personal jurisdiction in Kentucky, as jurisdiction over it is neither authorized under Kentucky's long-arm statute nor compatible with the requirements of due process. "Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (quotations and citations omitted). Under Kentucky's long-arm statute, personal jurisdiction exists when, as relevant to this case, a claim arises from a defendant's

> 1. Transacting any business in this Commonwealth;
>
> 2. Contracting to supply services or goods in this Commonwealth;
>
> 3. Causing tortious injury by an act or omission in this Commonwealth;
>
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth[.]

KRS § 454.210(2).

As for the due process analysis, "[p]ersonal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Bridgeport*, 327 F.3d at 477 (quotations and citations omitted). Mitchell has not argued that Universal is subject to general personal jurisdiction in Kentucky; therefore, the Court will only consider whether it is subject to specific jurisdiction. "Specific jurisdiction is proper over [Universal] only if their contact with [Kentucky] satisfies the three-part test established in *Southern Machine Company v. Mohasco Industries, Inc.*" *Id.*

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco*, 401 F.2d 374, 381 (6th Cir. 1968).

Specifically, "the Sixth Circuit has in fact explained the 'purposeful availment' standard in the context of a copyright infringement case." *Joe Solo Prods., Inc. v. Dawson*, 2009 WL 2232856, at *4 (N.D. Ohio July 23, 2009) (citations omitted). A plaintiff "must demonstrate more than the production of the [infringing work] and its sale in [the forum state]; he must show that [the defendants], either through their own actions or through their distribution relationship, *directed* the product to [the forum state]." *Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009) (emphasis added). "[M]ere knowledge that a company may or is likely to distribute a product nationally is insufficient conduct upon which to predicate purposeful availment." *Campinha-Bacote v. Wick*, 2015 WL 7354014, at *5 (S.D. Ohio Nov. 20, 2015) (citing *Bridgeport*, 327 F.3d at 480). As such, "the Sixth Circuit has focused on the distribution relationship in determining whether a producer has sufficient connection to a forum state for jurisdiction to be

4

consistent with the due process clause." *Eggleston v. Daniels*, 2016 WL 4363013, at *4 (E.D. Mich. Aug. 16, 2016) (citations omitted). For example, the court in *Bridgeport* found that the district court lacked personal jurisdiction over one defendant who merely knew that a third party "was likely to distribute [infringing] compositions nationally" and did not object to distribution in the forum state. *Bridgeport*, 327 F.3d at 480. However, the court also found that the district court had personal jurisdiction over another defendant who "*sought* nationwide distribution of its [infringing] records" through a distribution agreement, as it evidenced a "deliberate decision" to target the forum state. *Id.* at 483 (emphasis added).

The Court allowed jurisdictional discovery in order to answer the question of whether and to what extent Universal was involved in the distribution of the infringing work. After having permitted this discovery, the Court finds that Mitchell has not shown by a preponderance of the evidence that jurisdiction over Universal is proper under either the Kentucky long-arm statute or the Due Process Clause. As for the long-arm statute, Mitchell largely relies on allegations contained in the complaint, rather than pointing to specific facts in affidavits, depositions, or other evidence. He does point to one statement in the deposition of Cheryl Gold, the corporate representative of Universal, in which she stated that Universal possibly derives some revenue from the distribution of musical works through companies it owns, including Capitol.[3] But this statement is insufficient to satisfy any of the pathways to jurisdiction that the long-arm statute sets out. Mitchell argues that this demonstrates Universal transacted business in the state, but he points to no authority supporting the contention that passive income derived from an independent subsidiary's actions taken in Kentucky constitutes "transacting any business in this

---

[3] Gold stated that the following relationship exists between Universal and defendant Capitol Records, LLC: "Capitol Records, LLC, is owned 100 percent by Virgin Records CM Holdings, Inc., who is held 100 percent by EMI RM US, Inc., who is held 100 percent by EMI Group, Inc., and then ultimately held by Universal Music Group, Inc." (Dep. Gold [DN 150-1] at 31:8–12.)

Commonwealth." By way of comparison, this is even less evidence of a connection between Kentucky and the defendant than there was in *Cox v. Koninklijke Phillips, N.V.*, 647 F. App'x 625, 628–29 (6th Cir. 2016), in which the Sixth Circuit determined that a holding company of the primary corporate defendant in the case has not transacted business in the state, even though it had signed a corporate guarantee on the primary defendant's behalf. Here, there is no evidence that Universal took any action related to this case, much less any action in or directed towards Kentucky. Thus, Mitchell has not shown by a preponderance of the evidence that Universal transacted business in Kentucky or otherwise satisfied the requirements of the long-arm statute.

Likewise for the due process requirements. As stated above, the purposeful availment requirement in a copyright infringement case focuses on whether a defendant directed the distribution of the infringing work to the forum state. There is no evidence that Universal "either through their own actions or through their distribution relationship, directed" the infringing work to Kentucky for distribution. *Palnik*, 344 F. App'x at 251. At best, Universal *might* have known that Capitol intended to distribute "If It Ain't Ruff" in Kentucky and did not object. But that alone will not confer the Court with jurisdiction over Universal. *See Bridgeport*, 327 F.3d at 480. And while Mitchell may like to hold Universal to account for Capitol Records' distribution of the infringing work in Kentucky, "a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) (citations omitted). Here, Universal's only connection to Kentucky that arises from the present claims is its ownership stake in Capitol, which alone is insufficient to establish jurisdiction. Thus, the Court cannot conclude that Universal has purposefully availed itself to the protections of Kentucky so as to subject itself to personal jurisdiction here. As such, the motion to dismiss for lack of personal jurisdiction will be granted.

## IV. CONCLUSION

For these reasons set forth above, **IT IS HEREBY ORDERED** that defendant Universal Music Group, Inc.'s renewed motion to dismiss (DN 149) is **GRANTED**. Universal Music Group, Inc., is **DISMISSED** from the action.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

August 15, 2018

cc: Counsel of Record